UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────

CURTIS PUCCI,

               Petitioner,

    -vs-

JOSEPH SMITH, Superintendent,
Shawangunk Correctional Facility,

               Respondent.
─────────────────────────────────

**DECISION AND ORDER**

**No. 08-CV-6092**

## I. <u>INTRODUCTION</u>

Petitioner, Curtis Pucci ("Petitioner"), timely filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his custody. Petitioner was convicted, following a jury trial, *in absentia*,[1] of Assault in the Second Degree (N.Y. Penal Law § 120.05(2)), Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03(2)), two counts of Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02(1)), and two counts of Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01(4)).

## II. <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Petitioner's conviction arose out of an altercation which occurred on May 5, 2001, during which petitioner struck his

─────────────────────────────────

[1] Petitioner failed to appear for trial after being released on bail despite previous warnings from the trial judge that, should this occur, the trial would proceed in his absence. Trial Minutes 5-12. After exhaustive attempts to locate Petitioner, a bench warrant was issued and the trial proceeded *in absentia*. <u>Id</u>.

roommate about the head with homemade brass knuckles and threatened to kill him with a .380 caliber handgun. Trial Transcript ("T.") 325-335. The victim was treated at Rochester General Hospital for multiple head lacerations, facial swelling, abdomen and lower back swelling, and a Grade III concussion. T. 277-80. In a search of a common storage area in the multi-family apartment building where petitioner resided, police located brass knuckles, .380 caliber handgun, .380 caliber ammunition, and several long guns owned by the Petitioner. T. 437-442.

On February 28, 2002, after being brought in on a bench warrant, Petitioner was sentenced as a second violent felony offender to an aggregate determinate sentence of fifteen years and five years of post-release supervision. See Sentencing Minutes 14-15.

Petitioner's conviction and sentence were affirmed on direct appeal to the Fourth Department on March 19, 2004. People v. Pucci, 5 A.D.3d 1099 (4th Dep't 2004). Petitioner then filed a New York Criminal Procedure Law (C.P.L.)§ 440.10 motion which was denied on April 19, 2005. See Resp't App. R. Petitioner was denied leave to appeal this ruling. See Resp't App. U. Petitioner was granted a *writ of error coram nobis* by the Fourth Department on March 17, 2006 and was afforded a second *de novo* appellate review. People v. Pucci, 27 A.D.3d 1200 (4th Dep't 2006). The Fourth Department affirmed Petitioner's conviction for the second time on

February 2, 2007. <u>People v. Pucci</u>, 37 A.D.3d 1068 (4th Dep't 2007).

Petitioner filed an application for leave to appeal to the Court of

Appeals, which was denied. <u>People v. Pucci</u>, 8 N.Y.3d 949 (2007).

Petitioner brought the instant petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. Petitioner's claims are as

follows: 1) violations of his Fourth Amendment rights, 2)

ineffective assistance of counsel, 3) insufficient evidence to

sustain each charge, 4) judicial misconduct, 5) prosecutorial

misconduct, 6) the verdict was against the weight of evidence, and

7) cumulative error resulting in an unjust trial. <u>See</u> Petition 20-

110.

### III. <u>GENERAL PRINCIPLES APPLICABLE TO HABEAS REVIEW</u>

**A.    The AEDPA Standard of  Review**

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act ("AEDPA"), the federal court may only

grant habeas relief to a state prisoner on claims that were

adjudicated on the merits in state court and resulted in a decision

which was contrary to or involved an unreasonable application of

clearly established Supreme Court precedent or was based on an

unreasonable determination of facts in light of the evidence

presented.  28 U.S.C. § 2254(d)(1),(2); <u>Switzer v. Graham</u>, No.

05-CV-6706, 2010 WL 1543855, *2 (W.D.N.Y. Apr. 16, 2010).  A writ

of habeas corpus may not be granted solely because the federal

court would have ruled differently on the issue; the decision must

have been unreasonable due to an "additional increment of incorrectness." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Determinations of fact made by a state court are presumptively correct unless Petitioner has proven otherwise by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003).

**B.    Exhaustion Requirement**

Before a federal court may grant habeas relief, Petitioner must have exhausted all available state remedies through either direct appeal or collateral attack on his conviction. 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994). To fulfil this requirement, Petitioner's federal claims must have been presented to the highest state court. O'Sullivan, 526 U.S. at 844; Bossett, 41 F.3d at 828. A claim which has not been fairly presented may be deemed exhausted if it is clear that the claim would be procedurally barred by the state court. Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991). Federal courts are prohibited from granting habeas petitions where the Petitioner's claims have not been exhausted, however, it is within their discretion to deny a Petitioner's unexhausted claims. See 28 U.S.C. § 2254(b).

**C.    The Adequate and Independent State Ground Doctrine**

Federal habeas courts will not review a state decision which rests "on a state law ground that is independent of the federal

question and adequate to support the judgment." <u>Cotto v. Herbert</u>, 331 F.3d 217,238 (2d Cir. 2003). This applies to independent state law grounds, substantive or procedural, which are firmly established and regularly followed by the state. <u>Garvey v. Duncan</u>, 485 F.3d 709, 713 (2d Cir. 2006)(citing <u>Lee v. Kemna</u>, 534 U.S. 362, 375 (2002)). Federal review is proscribed where a state court holding plainly stated that the claim was procedurally barred, even if the state court also reached the merits of that claim. <u>Switzer</u>, No. 05-CV-6706, 2010 WL 1543855, *2. To overcome this bar, a petitioner must evince a constitutional violation which resulted in a fundamental miscarriage of justice. <u>Dunham v. Travis</u>, 313 F.3d 724, 730 (2d Cir. 2002).

## IV. <u>PETITIONER'S CLAIMS</u>

### A. Fourth Amendment Violations

On direct appeal, Petitioner alleged that the trial court erred in summarily dismissing Petitioner's motion to suppress evidence, that Petitioner was erroneously denied standing to contest a police search, and that the evidence obtained in the search should have been excluded as "fruit of the poisonous tree." <u>See</u> Resp't App. E. These claims were found to be without merit by the Fourth Department. <u>See</u> <u>Pucci</u>, 37 A.D.3d 1068. Petitioner now seeks review of these claims in his petition for habeas corpus. <u>See</u> Petition 85-86.

Petitioner's Fourth Amendment claims are not cognizable under habeas review. "Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). Federal habeas review of these claims is only available if: (1) the state provides no corrective procedures to redress Fourth Amendment violations or (2) corrective procedures exist but an unconscionable breakdown in this process prohibits defendant from utilizing it. See Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977); Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992). The Second Circuit has held that a "full and fair opportunity" to litigate Fourth Amendment claims exists where a statutory mechanism is provided for suppression of evidence obtained unlawfully. McPhail v. Warden, Attica Corr. Facility, 707 F.2d 67, 69 (2d Cir. 1983); See e.g., Brink v. Artus, No. 08-CV-6073T, 2010 U.S. Dist. LEXIS 66844 (W.D.N.Y. July 6, 2010). New York's corrective procedure for Fourth Amendment claims, found at C.P.L. § 710.10 et seq, have been determined to be facially adequate. Capellan, 975 F.2d at 70; See e.g., Dinsio v. Donnely, No. 03-CV-779, 2007 U.S. Dist. LEXIS 90340, * 29 (N.D.N.Y. Sept. 24, 2007).

Furthermore, Petitioner has failed to demonstrate that he was prohibited from utilizing this procedure due to an unconscionable

breakdown in the process. New York State afforded Petitioner an opportunity to litigate his Fourth Amendment claims and Petitioner made good use of this procedure. Objections to the search of a common storage area, the admission of evidence seized subsequent to this search, and to Petitioner's arrest were raised via pre-trial motion. See , Motion Argument at 3-7. The trial court found the motion to lack the support of sworn allegations of fact necessary to establish Petitioner's standing to contest the search and subsequent arrest. Id. These claims were reviewed de novo by the Fourth Department on two separate occasions and found to be without merit. Pucci, 5 A.D.3d 1099; Pucci, 37 A.D.3d 1068. Petitioner was twice denied leave to appeal to the Court of Appeals. The "breakdown" in a state's corrective procedure referred to in Gates requires more than dissatisfaction with a court's determination. Brink, No. 08-CV-6073T, 2010 U.S. Dist. LEXIS 66844, *43-44. The disruption in the state corrective procedure must be so egregious in nature that petitioner may have been denied due process. Id.; accord Capellan, 975 F.2d at 70 (noting that the bribing of a trial judge would typify an unconscionable breakdown). In relation to his Fourth Amendment claims, Petitioner raises claims of ineffective assistance of trial counsel in obtaining a suppression hearing and in suppressing the evidence in question. See Petition 87-90, 93-94. However, even if petitioner was successful in establishing his ineffective assistance claim, this does not equate

to an unconscionable breakdown in the process.  <u>Jackson v. Scully</u>, 781 F.2d 291, 296-97 (2d Cir. 1986)(holding that Petitioner failed to satisfy both the cause and prejudice standard and the unconscionable breakdown standard); <u>Dinsio v. Donnelly</u>, 03-CV-779, 2007 U.S. Dist. LEXIS 90340, *32 (N.D.N.Y. Sept. 24, 2007)(finding that ineffective assistance of counsel does not equate to an unconscionable breakdown).

Accordingly, Petitioner's Fourth Amendment claim does not present any grounds upon which this Court may grant habeas relief. The claim is, therefore, dismissed.

## B. Ineffective Assistance of Counsel[2]

Petitioner claimed on direct appeal that his attorney was ineffective for failing to raise a defense of justification, to file adequate motion papers, to obtain a suppression hearing, and to put on an adequate defense.  <u>See</u> Resp't Apps. JJ, KK.  These claims were all found to be without merit.  <u>Pucci</u>, 37 A.D.3d 1068. Petitioner now raises each of these claims in his habeas petition. <u>See</u> Petition 87-94, 98-99.

For Petitioner to prevail on his ineffective assistance of counsel claims he must show that counsel's performance was deficient and that this deficient performance prejudiced the

---

[2] Petitioner asserts claims of ineffective assistance of both trial and appellate counsel as grounds for habeas relief.  Petitioner's claims regarding appellate counsel will not be addressed here. These claims were previously raised via petition for *writ of error coram nobis* and Petitioner was granted relief in the form of a second direct appeal.  <u>Pucci</u>, 27 A.D.3d 1200.  As these errors have already been remedied, this claim is moot.

defense, depriving the petitioner of a fair trial. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Judicial scrutiny of the performance of counsel is highly deferential, counsel is strongly presumed to have rendered adequate assistance using reasonable professional judgment. <u>Id</u>.; <u>United States v. Cronic</u>, 466 U.S. 648, 658 (1984). <u>Strickland</u> sets forth a two part test for evaluating claims of ineffective assistance of counsel; Petitioner must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability that, but for counsel's errors of performance, the result would have been different. 466 U.S. at 688, 694; <u>Ramchair v. Conway</u>, 601 F.3d 66, 72 (2d Cir. 2010). The reasonableness of counsel's performance is to be examined as of the time of representation. <u>See</u> <u>Strickland</u>, 466 U.S. at 489.

Petitioner asserts that trial counsel erred in not obtaining a hearing to suppress evidence due to his failure to attach supporting depositions to his initial motion papers and failure to re-file adequate motion papers. Based on this claim, the Fourth Department granted Petitioner's *writ of error coram nobis* and permitted the record of review to be expanded to include the alleged supporting depositions from Jose Noriega and John D. Georgetti.[3] <u>See</u> Resp't Apps. Z, II. As determined by the Fourth

---

[3] Jose Noriega was Petitioner's landlord at the time of the May 5, 2001 altercation. John D. Georgetti was Petitioner's roommate and the victim of said altercation. These depositions are attached to Petitioner's Notice of Motion, dated August 16, 2006. <u>See</u> Resp't App. FF.

Department, these depositions do not support Petitioner's contention that he had a vested privacy interest in the area searched. Pucci, 37 A.D.3d 1068. As these depositions would not have advanced Petitioner's contention that he had a privacy interest in the area searched, it was not objectively unreasonable for trial counsel to omit these from his motion papers. United States v. Vargas, 920 F.2d 167, 170 (2d Cir. 1990)(holding that defense counsel acted reasonably by not attaching affidavits where there was no indication that they would have been helpful or made the motion successful). Furthermore, Petitioner has failed to demonstrate that a reasonable probability exists that, had counsel submitted these depositions, the suppression hearing would have been granted. This claim fails to meet either prong of Strickland.

Petitioner also claims that trial counsel erred by conducting inadequate cross-examination of witnesses, failing to subpoena witnesses, and failing to obtain medical expert testimony. Strickland establishes a strong presumption "that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. Trial counsel effectively cross-examined the prosecution's primary witness, Mr. Georgetti, to point out inconsistencies between his statements to police, Grand Jury testimony, and trial testimony in an attempt to diminish his credibility. Counsel also cross-examined Officer Yodice to

illuminate inconsistencies between his testimony and that of Mr. Georgetti.

Petitioner claims that counsel was ineffective in that he failed to obtain independent expert testimony to refute the testimony of prosecution's witness Dr. Patrick Martin.  <u>See</u> Petition 32.   The Second Circuit has held that, in certain circumstances, the failure to call an expert witness may be grounds for an ineffective assistance of counsel claim.  <u>Lindstadt v. Keane</u>, 239 F.3d 191 (2d Cir. 2001); <u>See</u> e.g., <u>Thomas v. Conway</u>, No. 07-CV-6311T, 2010 U.S. Dist. LEXIS 55632, *14 (W.D.N.Y. June 7, 2010).  However, failure to call an expert witness does not, in itself, always rise to this level.  <u>Rompilla v. Beard</u>, 545 U.S. 374, 383 (U.S. 2005) ("reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste."); <u>Pavel v. Hollins</u>, 261 F.3d 210 (2d Cir. 2001) (finding cumulative effect of counsel's errors, including failure to call expert witness, deprived petitioner of Sixth Amendment right); <u>Thomas</u>, 07-CV-6311T, 2010 U.S. Dist. LEXIS 55632, *14 (finding decision to not call expert witness reasonable and non-prejudicial where counsel effectively cross-examined the prosecution's witnesses).   In the instant case, like in <u>Thomas</u>, Petitioner's counsel effectively cross-examined the prosecution's witness, Dr. Martin, regarding his medical opinion.  Defense counsel cross-examined Dr. Martin regarding an observed physical indication of

alcohol use by Georgetti and the hospital's failure to establish Georgetti's blood alcohol level the night of the altercation; the possible results of a concussion; and the extent of Georgetti's memory loss.[4]   Testimony by an expert witness for the defense, however, would have likely established similar facts that counsel was able to demonstrate on cross-examination.  <u>McHerrin v. Poole</u>, 06-CV-6095, 2009 U.S. Dist. LEXIS 111355 (W.D.N.Y. Dec. 1, 2009)(finding Petitioner was not prejudiced by failure to call expert witness where testimony was likely to establish facts to those already established).  The Petitioner has failed to show that defense counsel's decision to refrain from calling an expert witness was objectively unreasonable and prejudicial to his defense.

Petitioner also alleges that trial counsel provided ineffective assistance of counsel by failing to raise a justification defense.  Failure to raise a defense where the evidence would reasonably support justification would be reversible error.  <u>See</u> <u>Davis v. Strack</u>, 270 F.3d 111 (2d Cir. 2001).  However, in the instant case the evidence did not support this defense. Under New York law, the use of physical force by a person is justifiable "when and to the extent he or she reasonably believes such to be necessary to defend himself, herself or a third person from what he or she reasonably believes to be the use or imminent

---

[4] T. at 282-89.

use of unlawful physical force by such other person." Penal Law §
35.15. This defense is not available where the defendant provoked
the confrontation or was the initial aggressor. Id.

The evidence before the Court provided no basis for a
justification defense and Petitioner has offered no additional
evidence, outside of his own statements, to support this assertion.
defense counsel had no evidence with which to support a
justification defense since the Petitioner decided to absent
himself from his trial. Defense counsel's decision to refrain from
putting forth a justification defense was not objectively
unreasonable in light of the evidence on the record. Petitioner
has failed to prove that any decisions made by trial counsel were
objectively unreasonable and prejudicial to him.

## C. Insufficient Evidence to Sustain Each Charge

Petitioner has alleged that there was insufficient evidence to
sustain each charge brought against him. Petitioner raised this
claim on direct appeal and it was denied, in part on procedural
grounds and in part on the merits. Pucci, 5 A.D.3d at 1100.
Petitioner's claim of insufficient evidence was not preserved for
review with respect to the charges of Assault in the Second Degree,
Criminal Possession of a Weapon in the Second Degree, and Criminal
Possession of a Weapon in the Third Degree. Pucci, 5 A.D.3d at
1100. With respect to the two counts of Criminal Possession of a

Weapon in the Fourth Degree, the Court found the evidence to be sufficient to support Petitioner's conviction. <u>Id</u>.

Petitioner's claim, with regard to the part not preserved for review, is procedurally barred from federal habeas review as it was decided on adequate and independent state grounds. This claim was procedurally barred under C.P.L. § 470.05(2) which provides that an objection to a ruling or an instruction of the criminal court must be registered by the party claiming error at the time said ruling is made. For an issue to be preserved for appeal the objection must specifically focus on the alleged error; a general objection which fails to elaborate on the claim is not sufficient. <u>Garvey v. Duncan</u>, 485 F.3d 109, 714 (2d Cir. 2007). The record reflects that only general objections were made with regard to the sufficiency of evidence to support these charges. <u>See</u> T. 468-70. The Court's reliance on § 470.05(2), a firmly established and regularly followed procedural rule, renders the claim procedurally barred absent a showing of cause for the default and prejudice resulting therefrom. <u>See</u> <u>e.g.</u>, <u>Garcia v. Lewis</u>, 188 F.3d 71, 79 (2d Cir. N.Y. 1999)(noting that the Court defers to New York's consistent application of its contemporaneous objection rules); <u>Bossett v. Walker</u>, 41 F.3d 825, 829 n.2 (2d Cir. 1994); <u>See</u> <u>also</u> <u>Cunningham v. Conway</u>, No. 07-CV-6005, 2010 U.S. Dist. LEXIS 59106, *35-36 (W.D.N.Y. March 18, 2010)(holding New York's contemporaneous objection rule to be an adequate and independent state ground, but

finding the rule was misapplied). At no point in any of Petitioner's subsequent appeals has he offered any showing of cause for this default. An assessment of prejudice does not need to be made here because, as noted by the Court in Strickland, it is unnecessary for the court to "address both components of the inquiry if defendant makes an insufficient showing of one." Strickland, 466 U.S. at 697. As the petitioner here has failed to show adequate cause for his procedural default, habeas review is denied with respect to these charges.

As noted above, Petitioner's claim of insufficient evidence was preserved with respect to his conviction for Criminal Possession of a Weapon in the Fourth Degree and was decided on the merits. Pucci, 5 A.D.3d 1099. A conviction will not be overturned on grounds of insufficient evidence where "any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Great deference is given to the trier of fact in evaluating evidence, especially when dealing with witness credibility. United States v. MacPherson, 424 F.3d 183, 187 (2d Cir. 2005)(reviewing court may not substitute its own evaluation of the evidence for that of the trier of fact).

In this case, the prosecution offered as evidence testimony regarding Petitioner's ownership of the long guns in question, Petitioner's use of the storage space where these guns were

located, and the proximity of these guns to Petitioner's other possessions when found.  <u>See</u> T. 259, 311, 315-18.  This evidence was found by the trier of fact to be credible and to fulfill the requirements of Penal Law § 265.01(4).[5]  A reasonable trier of fact, viewing this evidence in a light most favorable to the prosecution, could find that the required elements have been established beyond a reasonable doubt.  Therefore, the state court's determination of this issue was neither contrary to nor an unreasonable application of <u>Jackson</u> and this claim is dismissed.

## D.  Judicial Misconduct

Petitioner makes several claims of judicial misconduct.  On direct appeal, Petitioner raised objections to the jury instructions, the severity of the sentence, the denial of a suppression motion, and the denial of a hearing on this motion. <u>See</u> Petition 95-97.  These claims were all found to be without merit by the Fourth Department.  <u>Pucci</u>, 37 A.D.3d 1068.

To establish judicial misconduct, it must be established that the "judge displayed such a high degree of favoritism or antagonism as to make fair judgment impossible."  <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994); <u>See</u> <u>e.g.</u>, <u>White v. Walker</u>, No. 9:01-CV-0238, 2004 U.S. Dist. LEXIS 30699 *49 (N.D.N.Y. Sept. 2, 2004).  This must be more than just an unfavorable opinion; it must

---

[5] A person is guilty of criminal possession of a weapon in the fourth degree when: "He possesses a rifle or shotgun and has been convicted of a felony or serious offense."  Penal Law § 265.01(4).

-16-

be misconduct so fundamentally unfair that it denied the Petitioner due process. Liteky v. United States, 510 U.S. 540, 555 (1994)(holding that judicial decisions and comments supporting recusal must reveal such a high degree of favoritism as to make a fair judgment impossible); Daye v. Attorney Gen. of New York, 712 F.2d 1566, 1572 (2d Cir. 1983)(conduct by trial judge would have to be significantly adverse to the defendant before the risk of impaired functioning of the jury or lack of apparent neutrality exceeded constitutional limits).

Petitioner's motion for recusal, the grounds of which are reasserted in the instant petition, alleged misconduct on the part of the trial judge for failure to recuse himself after engaging in ex parte communications with individuals in the gallery; providing the jury with evidence that was not admitted per stipulation of the parties; for erring in various evidentiary rulings; and for imposing a harsh, excessive, and vindictive sentence. See Petition at 9, 11-12, 16-17, 28, 95-97.

The trial judge was not statutorily required to recuse himself under Judiciary Law § 14. People v. Moreno, 70 N.Y.2d 403, 405 (1997)(holding that, absent circumstances which require recusal, this was a discretionary determination to be made by the judge alone). The determination of a motion for recusal is discretionary and relies upon the conscience of the court. Id. Therefore, this ruling should not be overturned in the absence of abuse of

discretion.  <u>Id</u>.  There was no evidence on the record of ex parte communications between the judge and the gallery.  Petitioner's allegations pointed to comments made by the judge, on the record, admonishing individuals in the gallery for communicating with potential jurors.  <u>See</u> T. 151-52.  These comments neither showed favoritism for the prosecution nor were they so fundamentally unfair that they denied the Petitioner due process.

Petitioner's assertion that the trial judge erroneously allowed the jury to receive evidence which the parties stipulated would not be admitted is entirely without merit.  The trial judge allowed only exhibits which were admitted into evidence, not those marked for identification only, to be given to the jury.  <u>See</u> T. 546.  Petitioner's claim is unsupported by evidence.  Petitioner's contention that the trial judge erred in the admission of evidence obtained during an allegedly unconstitutional search is also without merit.  Petitioner was found to lack standing to contest the search because he had no legitimate expectation of privacy in the storage area, therefore, no suppression hearing was held .  <u>See</u> <u>Pucci</u>, 37 A.D.3d at 1068; <u>See</u> <u>also</u> Trial Transcript at 4-5.  As this evidence was not the fruits of an unconstitutional search, the trial judge did not err in its admission.

Finally, the sentence imposed by the judge was not harsh, excessive, and vindictive.  Petitioner received a sentence which was within the permissible range prescribed by New York State law.

When a sentence is within the range allowable by law, it does not present a constitutional claim subject to habeas corpus review. See e.g., Townsend v. Burke, 334 U.S. 736, 741 (1948)(noting that a sentence within the prescribed statutory limits was not grounds for relief); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992)(holding that a sentence within the prescribed range presents no federal constitutional issue); Cunningham v. Conway, No. 07-CV-6005, 2010 U.S. Dist. LEXIS 59106, *55-57 (W.D.N.Y. March 18, 2010) (holding that a claim of excessive sentence was not cognizable as it relies on state grounds and was meritless in that it did not exceed the statutory limits). Petitioner was convicted of Criminal Possession of a Weapon in the Second degree, a class C felony. See Penal Law § 265.03. As a second violent felony offender, Petitioner was sentenced under Penal Law § 70.04(3)(b), which provides for a determinate sentence of between seven and fifteen years. Penal Law § 70.45(2) requires a five year period of post-release supervision for determinate sentences. In accordance with these guidelines, Petitioner was sentenced to the maximum allowable sentence of fifteen years in prison followed by five years post-release supervision. Sentencing Minutes at 14-15. As this sentence is within the prescribed range, Petitioner's claim is denied.

## E. Prosecutorial Misconduct

Prosecutorial misconduct only gives rise to a constitutional claim where the prosecutor's acts were so unfair and egregious that

they denied the defendant his due process right to a fair trial. Donnelly v. Dechristoforo, 416 U.S. 637, 643 (1974). Habeas review is, therefore, limited in scope. Here, Petitioner claims that the prosecution withheld Brady materials from the petitioner, obtained a conviction using perjured testimony, and made improper comments during opening and closing statements. See Petition 98-106. They were raised in his pro se motion on second direct appeal and found to be without merit. See Pucci, 37 A.D.3d 1068; Resp't App. KK. Petitioner raises each of these claims again in his habeas petition.

BRADY

Prosecutors are required to disclose all material evidence favorable to the defendant, including evidence useful for impeachment of witnesses. Brady v. Maryland, 373 U.S. 83 (1963); Leka v. Portuondo, 257 F.3d 89, 98 (2d Cir. 2001). The Supreme Court has identified three components of Brady violations: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." Leka, 257 F.3d at 98 (quoting Strickler v. Greene, 527 U.S. 263, 281 (1999)).

Here, the Petitioner asserts that the prosecutor violated Brady by failing to turn over copies of 911 tapes and records of certain hearings believed to contain exculpatory evidence. The record does not reflect that either the prosecutor or defense

attorney were, at any time, in possession of the 911 tapes requested by the Petitioner. Petitioner requested these tapes from the City of Rochester Records Access Office and was informed that these could not be turned over to him pursuant to Section 308(5) of the County Law as they were confidential. <u>See</u> Resp't Apps. O, E. Petitioner does not put forth any information showing that these tapes were favorable to his case, were suppressed by the prosecutor, or that the absence of them prejudiced him in any way. As for the hearing transcripts Petitioner requested, there is no evidence that the described pretrial hearings actually took place. There were no records in the Court Reporter's Office to substantiate these claims. <u>See</u> Resp't App. CC. Petitioner's allegation that these records existed and were intentionally destroyed amounts to nothing more than conjecture and speculation. Mere speculation that exculpatory evidence exists is not enough, in the absence of proof, to merit habeas relief. <u>Strickler</u>, 527 U.S. at 286 ("Mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review."); <u>See</u> <u>e.g.</u>, <u>Mallet v. Miller</u>, 432 F. Supp.2d 366, 377 (S.D.N.Y. 2006)("It is well established that the mere speculation that exculpatory evidence was withheld is insufficient to warrant habeas relief").

Perjury

Petitioner alleges that the prosecutor allowed perjured testimony to be offered by various witnesses and that this

testimony secured his conviction.  Habeas claims alleging the use of perjured testimony in obtaining a conviction implicate the Fourteenth Amendment.  <u>Napue v. Illinois</u>, 360 U.S. 264, 269 (1959). The Supreme Court has noted that a conviction obtained using perjured testimony is fundamentally unfair and should be set aside. <u>See</u> <u>e.g.</u>, <u>United States v. Agurs</u>, 427 U.S. 97, 103 (1976); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>Mooney v. Holohan</u>, 294 U.S. 103, 112 (1935).  The Second Circuit has held that "a conviction must be set aside if (1) the prosecution actually knew of the false testimony, and (2) there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." <u>Bonilla v. Giambruno</u>, 04-CV-0188, 2009 U.S. Dist. LEXIS 75967, 37-38 (W.D.N.Y. Aug. 26, 2009) (citing <u>Drake v. Portuondo</u>, 553 F.3d 230, 241 (2d Cir. 2009)).  The mere existence of inconsistencies in witness testimony is insufficient to establish that perjury was committed. <u>Dinsio</u>, 9:03-CV-0779, 2007 U.S. Dist. LEXIS 90340, *19 (holding inconsistencies in grand jury testimony of officers, and contradictory dispatch records not enough to prove perjury).

Here, the Plaintiff offered only evidence of victim's internally inconsistent testimony and conflicts between testimony of the victim and Officer Yodice as support for his perjury claim. No support was offered for Petitioner's conclusory allegation that the state's medical expert offered perjured testimony.  Petitioner has not established either of the elements required to support his claim of perjury.

Petitioner may only be afforded relief based on comments made by the prosecutor if these comments resulted in the denial of due process. It is not enough that remarks be improper or undesirable, they must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." <u>Darden v. Wainwright</u>, 477 U.S. 168, 181 (1986)(citing <u>Donnelly v. DeChristoforo,</u> 416 U.S. 637 (1974)). The plaintiff alleges that, in his opening and closing statements, the prosecutor misconstrued evidence, and made inappropriate comments about the Petitioner's guilt. <u>See</u> Petition 9, 12, 100-06.

The Second Circuit has held that habeas relief would be merited where the cumulative effects of a prosecutors remarks was so prejudicial as to render the trial fundamentally unfair. <u>Floyd v. Meachum</u>, 907 F.2d 347, 353-57 (2d cir. 1990). Courts have found prosecutorial remarks to render a trial fundamentally unfair where they manipulate or misstate evidence, or implicate other rights of the accused. <u>Darden v. Wainwright</u>, 477 U.S. 168, 181-182 (U.S. 1986); <u>Miller v. Pate</u>, 386 U.S. 1, 6 (1967)(finding due process denied where prosecutor repeatedly and knowingly misrepresented paint-covered shorts as Petitioner's "bloody" shorts). In the instant case, the prosecutor's comments did not misconstrue the evidence or otherwise implicate Petitioner's rights. The prosecutor simply restated the evidence presented and urged the

jury to rely on that evidence along with their common sense in reaching a verdict.  <u>See</u> T. 490-507.

The prosecutor's remarks, taken individually or as a whole, were not so prejudicial as to merit habeas relief.  Therefore, the state court's determination on this issue was not contrary to or an unreasonable application of settled Supreme Court law.

## F. Weight of Evidence

On direct appeal, Petitioner alleged that the verdict in his case was against the weight of the evidence.  This claim was found to be without merit.  <u>Pucci</u>, 37 A.D.3d at 1069.  Petitioner has raised the same claim again in his habeas petition.  <u>See</u> Brief for Petitioner at 17.  Challenges to the weight of evidence are not cognizable on federal habeas review.  <u>Maldonado v. Scully</u>, 86 F.3d 32, 35 (2d Cir. 1996).  Claims that the verdict is against the weight of evidence are reviewable under C.P.L. § 470.15(5), making this purely a state law ground which is not cognizable on habeas review.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991); <u>United States v. Parker</u>, 903 F.2d 91, 97 (2d Cir. 1990)("weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal").  Habeas relief cannot be granted, therefore, this claim is dismissed.

## G.  Cumulative Error

Petitioner asserts his claim of cumulative error for the first time in this petition.  Therefore, this claim was not exhausted as it was not fairly presented to the state courts.  However this

claim may be deemed exhausted because state remedies are no longer available.  Petitioner has already had the opportunity to present his claims in two direct appeals and a motion to vacate judgment under C.P.L. § 440.10.  Petitioner is procedurally barred from raising this claim in a second § 440.10 motion.  C.P.L. § 440.10(2)(c)(court must deny motion to vacate where petitioner could have raised the claim on a previous appeal and unjustifiably failed to do so); See Jimenez v. Walker, 458 F.3d 130, 149 (2d Cir. N.Y. 2006).  Petitioner must show cause and prejudice for this default to be eligible for habeas relief on this claim.  Murray, 477 U.S. at 495-96.  As Petitioner has failed to do this, habeas relief is unavailable to him on this claim.

## III.  CONCLUSION

For the aforementioned reasons, Petitioner's request for relief pursuant to 28 U.S.C. § 2254 is denied and the petition is dismissed.  As Petitioner failed to make a substantial showing of a denial of a constitutional right, the court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).

ALL OF THE ABOVE IS SO ORDERED.

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

DATED:     Rochester, New York
           July 20, 2010